**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

| | |
|---|---|
| In Re:<br>Tonica M Lowe-Miller<br><br>                Debtor(s)<br><br>CitiMortgage, Inc.<br>                Movant<br><br>v.<br>Tonica M Lowe-Miller<br><br>                Respondent(s) | Chapter: 13<br><br>Case No: 20-14720-amc<br><br>Hearing: February 9, 2021 |

**OBJECTION OF CITIMORTGAGE, INC. TO CONFIRMATION OF CHAPTER 13 PLAN WITH RESPECT TO THE REAL PROPERTY LOCATED AT 269 MAPLE AVENUE, MORTON, PA 19070**

    CitiMortgage, Inc. (hereinafter, "Secured Creditor"), through its Counsel, Stern & Eisenberg, PC, respectfully requests that this Honorable Court deny confirmation of the Chapter 13 Plan filed by Debtor Tonica M Lowe-Miller (hereinafter, "Debtor"). In support thereof, Creditor respectfully represents as follows:

    1. On August 26, 2010, Tonica M. Lowe-Miller signed a note in the principal sum of $191,201.00 evidencing a loan from INFINITY HOME MORTGAGE CO.,INC. A NEW JERSEY CORPORATION in the same amount, secured by the real property located at 269 Maple Avenue, Morton, PA 19070 (hereinafter, the "Property"), as evidenced by a mortgage executed by Tonica M. Lowe-Miller and Nelson Miller in favor of Mortgage Electronic Registration Systems Inc., as Nominee for INFINITY HOME MORTGAGE CO.,INC. A NEW JERSEY CORPORATION, which mortgage is duly recorded with the Recorder of Deeds for Delaware County on August 31, 2010 at Book 04795 at Page 1451.

    2. By assignment of mortgage, the mortgage was ultimately assigned to Secured Creditor.

    3. Debtor filed the Chapter 13 Bankruptcy Petition on December 11, 2020 and as a result, any State Court proceedings were stayed.

    4. Contemporaneously, Debtor filed their Chapter 13 Plan on December 11, 2020, which provides for the curing and maintaining of Secured Creditor's claim in accordance with 11 U.S.C. § 1322(b)(3). To fund the Plan, Debtor proposes to pay to the Chapter 13 Standing Trustee a monthly payment of $637.00 for sixty (60) months for a total Base Plan of $38,220.00.  See, Docket Entry No. 2.

    5. Debtor's Plan proposes to cure pre-petition arrears to the Secured Creditor in the amount of $31,000.00.

    6. Secured Creditor is in the process of preparing its Proof of Claim to be filed prior to the Claims

Bar Date, but estimates that its pre-petition arrears total $37,620.49.

7. Secured Creditor avers that the Plan is infeasible in that the Plan is underfunded and does not provide sufficient funds to pay the claims. More specifically, Secured Creditor avers that the Base Plan Amount proposed by the Debtor will not cure the pre-petition arrears owed to Secured Creditor as well as provide for payment of both the Priority Claim(s) listed in the Plan as well as the Trustee's Commission.

8. Secured Creditor objects to the confirmation of Debtor's Plan as it violates 11 U.S.C. § 1322(b)(3) by failing to "provide for the curing or waiving of any default." More specifically, Debtor's Plan does not provide for sufficient funds to Secured Creditor in order to cure the pre-petition arrears due to Secured Creditor in the approximately amount of $37,620.49.

9. By proposing to pay Creditor as proposed, the Plan violates the standards of 11 USC sections 1325(a)(5)(B)(i) and (ii) because it pays Creditor less than the allowed amount of such claim.

10. This Objection is made in accordance with the Federal Rules of Bankruptcy Procedure.

WHEREFORE, Secured Creditor, CitiMortgage, Inc., respectfully requests that this Honorable Court deny confirmation of the Chapter 13 Plan and dismiss the Chapter 13 Bankruptcy Petition together with such other relief this Court deems necessary and appropriate.

Respectfully submitted,

STERN & EISENBERG, PC

By: /s/ Daniel P. Jones
Daniel P. Jones, Esquire
Stern & Eisenberg, PC
1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976
djones@sterneisenberg.com
Phone: (215) 572-8111
Fax: (215) 572-5025
Bar Number: 321876
Counsel for Movant

Date: December 28, 2020